# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 5, 2010

No. 09-51100
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EVER RENE FUENTES-LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-1073-1

Before GARWOOD, PRADO and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ever Rene Fuentes-Lopez appeals his December 2009 sentence of twenty-seven months of imprisonment, following his guilty plea conviction to illegal reentry into the United States. He argues, as he did in the district court, that the sentence, which exceeded his guideline range of fifteen to twenty-one months under the United States Sentencing Commission's *Guidelines Manual*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(Sentencing Guidelines or Guidelines), is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a).[1]

We review sentences, whether inside or outside the Sentencing Guidelines range, under the abuse of discretion standard for procedural error and substantive reasonableness. *Gall v. United States*, 128 S.Ct. 586, 596-97 (2007). Fuentes does not argue that the district court committed any procedural error, so we need only review the substantive reasonableness of his sentence. *See id.*

"A sentence is unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007) (internal quotation marks and citation omitted). In reviewing a non-Guidelines sentence for substantive unreasonableness the review is for abuse of discretion. *Gall* at 597-98. We consider the totality of the circumstances, including the extent of any variance from the Guidelines range. *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). When determining whether or not the Section 3553(a) factors support the sentence, we give deference to a district court's determination that they support a non-Guidelines sentence. *Id.*

---

[1] 18 U.S.C. § 3553(a) provides, in relevant part:

"**(a) Factors to be considered in imposing a sentence.**—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
  **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
  **(2)** the need for the sentence imposed—
    **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    **(B)** to afford adequate deterrence to criminal conduct;
    **(C)** to protect the public from further crimes of the defendant; and
    **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . ." 18 U.S.C.A. § 3553(a) (West 2000).

Fuentes argues that his non-Guidelines sentence is substantively unreasonable because the Sentencing Guidelines adequately accounted for his prior criminal history. However, in *United States v. Booker*, 125 S.Ct. 738 (2005), the Supreme Court held that the Sentencing Guidelines were not mandatory. In doing so, it implicitly rejected the position that a sentencing court departing from the Guidelines under Section 3553(a) could give no additional weight to factors included in calculating the Guidelines range, since to do otherwise would essentially render the Guidelines mandatory. *United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008). "[T]he sentencing court is free to conclude that the applicable Guidelines range gives too much or too little weight to one or more factors, and may adjust the sentence accordingly under § 3553(a)." *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008) (internal quotation and citation omitted). Therefore, we find that Fuentes's argument is without merit.

The district court's oral and written reasons reflect that the court considered the Guidelines, the policy statements, and the Section 3553(a) factors, including the nature and circumstances of the offense of conviction, Fuentes's history and characteristics, and the need for the sentence to provide adequate deterrence and to protect the public from further criminal conduct by Fuentes. Specifically, the district court stated that:

> "The Court finds that the advisory guidelines are not adequate; that the defendant's true assaultive behavior that he has reflected in the criminal history is not properly considered, the seriousness of his characteristics, his history; therefore, making this not the particular application of the guidelines to this case, not taking into account the seriousness of the case, because one of them is the categorization of how we consider the prior convictions. The Court finds for that reason and the need to protect the public and to provide a just sentence that the guidelines are not adequate in this case. Even though all the criminal history convictions technically counted in points, they don't adequately reflect the seriousness of this defendant's characteristics."

On this record, we see nothing to indicate that the court (1) did not account for a factor that should have received significant weight, (2) gave significant weight to an irrelevant or improper factor, or (3) made a clear error of judgment in balancing the sentencing factors.   Although the court gave a non-Guidelines sentence, the extent by which the court varied from the Guidelines range was relatively minor. *Cf. Brantley*, 537 F.3d at 348–50 (upholding a variance of more than 250% from the guideline range).

Accordingly, we hold that the district court did not abuse its discretion. The sentence imposed "was reasonable under the totality of the relevant statutory factors". *Brantley*, 537 F.3d at 349 (internal quotation omitted). *See also Lopez-Velasquez*, 526 F.3d at 807 (upholding an non-Guidelines sentence based on the nature and characteristics of the defendant and his criminal history).  We affirm the judgment of the district court.

AFFIRMED.